IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUXER CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. |
| | ) |
| BUTTERFLYMX, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Luxer Corporation ("Luxer") brings this action for patent infringement against Defendant ButterflyMX, Inc. ("Defendant" or "ButterflyMX").

## INTRODUCTION

1. This is a civil action for patent infringement under the laws of the United States, 35 U.S.C. § 1, et seq.

2. On information and belief, Defendant has infringed and continues to infringe, has induced and continues to induce the infringement of, and has contributed to and continues to contribute to the infringement of one or more claims of U.S. Patent No. 11,625,675 ("the '675 patent" or "Asserted Patent") at least by making, using, selling, offering for sale, and importing into the United States systems for controlling access to a storage room and methods of their use that infringe one or more claims of the Asserted Patent.

3. Luxer is the legal owner by assignment of the entire right, title and interest in and to the Asserted Patent, which was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). Luxer seeks injunctive relief, or at least monetary damages, to address Defendant's ongoing infringement of Luxer's valuable Asserted Patent.

## THE PARTIES

4. Luxer Corporation, which from time to time does business as "Luxer One," is a Delaware company, having its principal place of business at 5040 Dudley Blvd., McClellan Park, California 95652.

5. ButterflyMX, Inc. is a Delaware company, having its principal place of business at 44 West 28th Street, 4th Floor, New York, NY 10001.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant because Defendant is incorporated in the State of Delaware and is thus subject to general personal jurisdiction in the State of Delaware.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Defendant is incorporated in this District.

## FACTUAL BACKGROUND

### Luxer's Patented Storage Room Technology

9. Luxer is in the business of making life simpler by automating package delivery, storage, and retrieval. As the world has shifted towards online shopping, package delivery has become a major concern for apartment complexes and other residential communities. It can be a daunting task for property managers to keep track of packages and ensure timely delivery to residents. Luxer has made this task easier with its innovative package management solutions.

10. Over the years, Luxer has evolved to become the leading package management solution provider in the United States. Luxer's intelligent locker and package delivery solutions

have become the preferred choice for over 9,000 multifamily locations in the United States. And over 300 million packages have been delivered to a Luxer package management solution, including Luxer Lockers, Luxer Fridges, and Luxer Rooms.

**Luxer Lockers**  **Luxer Fridges**  **Luxer Rooms**



11. The Luxer Room was launched in 2015 and features patented technology that adds a layer of controlled access to a package room. Carriers deliver packages directly to the room with a delivery access code. Package recipients then receive a text message with a one-time use access code to enter and retrieve their package. Video surveillance with access logs maintains security & accountability.

12. Luxer is the current owner by assignment of the entire right, title, and interest in and to the Asserted Patent titled "Method and system for controlling a storage room." The Asserted Patent issued on April 11, 2023. The patent is generally directed to a system and a method for controlling electronic locks for locking a door of a storage room that is part of a building. A copy of the Asserted Patent is attached as Exhibit A.

### Defendant's Incorporation of Luxer's Patented Technology into Its Storage Room Product

13. The allegations provided below are exemplary and without prejudice to Luxer's infringement contentions. In providing these allegations, Luxer does not convey or imply any particular claim constructions or the precise scope of the claims. Luxer's claim construction

contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and local rules.

14. The infringing products include, but are not limited to, Defendant's Package Room product ("Accused Products"). *See* https://butterflymx.com/products/package-room/.

15. On information and belief, Defendant did not begin offering the Accused Products for sale until July 2021 (*see* https://www.prnewswire.com/news-releases/butterflymx-unveils-new-solution-ensuring-apartment-residents-never-miss-a-delivery-to-their-building-301338597.html), six years after Luxer introduced the Luxer Room in 2015.

16. Defendant describes how the Accused Products on its website: "1. Couriers deliver to your building's package room using our panel mounted at the package room door. As the courier enters, our panel takes a time- and date-stamped picture of the delivery person." *See* https://butterflymx.com/products/package-room/. "2. After the package has been delivered, residents are notified via a push notification to their smartphone. If the resident does not have a smartphone or has not downloaded our app, they will receive a text message or email." *Id*. "3. Residents enter their code at the package room and pick up their items. The panel captures a time- and date-stamped picture of the resident. If you install a camera inside the room, you can ensure that they have only taken their package." *Id*.



     

          

*Id.*

17. Defendant further explains how the Accused Products work on a fact sheet: "Couriers deliver to your package room by entering their designated delivery PIN in the intercom mounted at the door." *See* https://grow.butterflymx.com/hubfs/Fact%20sheets/butterflymx_package_room_solution.pdf. "Your residents receive an email, text, or in-app notification alerting them of their delivery." *Id.* "Residents enter their PIN code at the package room intercom to pick up their items." *Id.*

18. Defendant describes the Accused Products as featuring "easy package retrieval," where "[r]esidents retrieve their packages using a six-digit PIN — no need to request access from property staff." *Id.* Defendant describes the Accused Products as also featuring "seamless PMS integration," to "[c]onnect with your property management software to keep your resident directory updated in real-time." *Id.*



*Id.*

19. As detailed below, on information and belief, each element of at least one claim of the Asserted Patent is literally present in the Accused Products or is literally practiced by

employees, agents, or customers of Defendant who use the Accused Products. To the extent that any element is not literally present or practiced, on information and belief, each such element is present or practiced under the doctrine of equivalents.

20. On information and belief, Defendant has made extensive use of Luxer's patented technology, including the technology described and claimed in the Asserted Patent. Luxer is committed to defending its proprietary and patented technology. Luxer requests that this Court grant an injunction against Defendant to prevent ongoing infringement of the Asserted Patent, award Luxer damages sufficient to compensate for Defendant's past infringement of the Asserted Patent, and find this case exceptional and award Luxer its attorneys' fees and costs.

## COUNT I
### (Infringement of U.S. Patent No. 11,625,675)

21. Luxer incorporates by reference and realleges all of the foregoing paragraphs of this Complaint as if fully set forth herein.

22. On information and belief, Defendant has directly infringed and continues to directly infringe, literally and/or equivalently, one or more claims of the Asserted Patent, including at least claim 1, including by importing, using, selling, and offering for sale in the United States the Accused Products.

23. Claim 1 of the Asserted Patent claims the following:

A system comprising:

> at least one electronic lock for locking a door of a storage room that is stationary and part of a building, the storage room being large enough to accommodate packages that are small, medium, and oversized;

> a lock interface that is communicatively coupled to the at least one electronic lock, the lock interface having at least one processor that implements one or more machine instructions stored on at least one non-transitory computer readable medium;

wherein the one or more machine instructions, when implemented, cause the processor of the lock interface to implement a method including at least

receiving, at the lock interface from a terminal, a first signal associated with a delivery, requesting access by unlocking the door;

in response, sending from the lock interface to the at least one electronic lock, a second signal including at least a request to open the door;

opening the electronic lock, based on the request, and allowing the access through the door, regardless of whether a storage area associated with the door is in use and regardless of whether the package is small, medium, or oversized;

wherein the request includes at least a user identity and a code, wherein the method further includes, after receiving the first signal including the request,

verifying, by the lock interface, the request by authenticating the user identity and the code received from the terminal;

approving the request, by the lock interface, after the user identity and the code are successfully authenticated;

in response to the approving of the request, sending the second signal, from the lock interface to the at least one electronic lock, the second signal causing the at least one electronic lock to automatically unlock, the at least one electronic lock including a circuit that includes at least

a signal input port that is communicatively connected to at least one signal output port of the lock interface;

an electronic switch that, in response to the receiving of signals from the lock interface, causes electric current to flow through the at least one electronic lock;

the step of verifying, by the lock interface, the request further including at least

comparing, by the lock interface, the user identity and the code received from the terminal with data stored in the lock interface;

approving the request, by the lock interface, when the user identity and the code received match the data stored in the lock interface, and

rejecting the request, by the lock interface, when at least one of the user identity and the code received does not match the data stored in the lock interface; and

in response to the rejecting of the request, sending, from the lock interface to the terminal, a message indicating that the request is invalid.

24. The Accused Products include all of the limitations of at least claim 1 of the Asserted Patent.

25. On information and belief, the Accused Products are all a system comprising at least one electronic lock for locking a door of a storage room that is stationary and part of a building, the storage room being large enough to accommodate packages that are small, medium, and oversized. For example:



https://grow.butterflymx.com/hubfs/Fact%20sheets/butterflymx_package_room_solution.pdf. Defendant describes the Accused Products as featuring "easy package retrieval," where "[r]esidents retrieve their packages using a six-digit PIN — no need to request access from property staff." *Id.*

26. On information and belief, the Accused Products further comprise a lock interface that is communicatively coupled to the at least one electronic lock, the lock interface having at

least one processor that implements one or more machine instructions stored on at least one non-transitory computer readable medium. For example:



*Id.*

27. On information and belief, the one or more machine instructions of the Accused Products, when implemented, cause the processor of the lock interface to implement a method including at least receiving, at the lock interface from a terminal, a first signal associated with a delivery, requesting access by unlocking the door; in response, sending from the lock interface to the at least one electronic lock, a second signal including at least a request to open the door; opening the electronic lock, based on the request, and allowing the access through the door, regardless of whether a storage area associated with the door is in use and regardless of whether the package is small, medium, or oversized. For example, Defendant describes the Accused Products as operating such that "[c]ouriers deliver to your building's package room using our panel mounted at the package room door" and "[a]s the courier enters, our panel takes a time- and date-stamped picture of the delivery person." *See* https://butterflymx.com/products/package-room/. Defendant further explains how the Accused Products work on a fact sheet: "Couriers deliver to your package room by entering their designated delivery PIN in the intercom mounted

at the door." *See*

https://grow.butterflymx.com/hubfs/Fact%20sheets/butterflymx_package_room_solution.pdf.

      28.     On information and belief, the request included in the second signal of the Accused Products includes at least a user identity and a code, wherein the method further includes, after receiving the first signal including the request, verifying, by the lock interface, the request by authenticating the user identity and the code received from the terminal; approving the request, by the lock interface, after the user identity and the code are successfully authenticated. For example, Defendant describes the Accused Products as operating such that "[c]ouriers deliver to your building's package room using our panel mounted at the package room door" and "[a]s the courier enters, our panel takes a time- and date-stamped picture of the delivery person." *See* https://butterflymx.com/products/package-room/. Defendant further explains how the Accused Products work on a fact sheet: "Couriers deliver to your package room by entering their designated delivery PIN in the intercom mounted at the door." *See*

https://grow.butterflymx.com/hubfs/Fact%20sheets/butterflymx_package_room_solution.pdf.

      29.     On information and belief, in response to the approving of the request, sending the second signal, from the lock interface to the at least one electronic lock, the second signal causing the at least one electronic lock to automatically unlock, the at least one electronic lock of the Accused Products includes a circuit that includes at least a signal input port that is communicatively connected to at least one signal output port of the lock interface; an electronic switch that, in response to the receiving of signals from the lock interface, causes electric current to flow through the at least one electronic lock. For example, Defendant describes the Accused Products as operating such that "[c]ouriers deliver to your building's package room using our panel mounted at the package room door" and "[a]s the courier enters, our panel takes a time-

11

and date-stamped picture of the delivery person." *See* https://butterflymx.com/products/package-room/. Defendant further explains how the Accused Products work on a fact sheet: "Couriers deliver to your package room by entering their designated delivery PIN in the intercom mounted at the door." *See* https://grow.butterflymx.com/hubfs/Fact%20sheets/butterflymx_package_room_solution.pdf.



*Id.*

30. On information and belief, the step of verifying, by the lock interface of the Accused Products, the request further includes at least comparing, by the lock interface, the user identity and the code received from the terminal with data stored in the lock interface; approving the request, by the lock interface, when the user identity and the code received match the data stored in the lock interface, and rejecting the request, by the lock interface, when at least one of the user identity and the code received does not match the data stored in the lock interface; and in response to the rejecting of the request, sending, from the lock interface to the terminal, a message indicating that the request is invalid. For example, on information and belief, the Accused Products require Internet access to be able to authenticate the codes used by residents. On information and belief, access codes are stored locally, and authentication is done using

locally stored data. For example, Defendant describes the Accused Products as featuring "seamless PMS integration," to "[c]onnect with your property management software to keep your resident directory updated in real-time." *Id.* Defendant also describes the Accused Products as featuring "easy package retrieval," where "[r]esidents retrieve their packages using a six-digit PIN — no need to request access from property staff." *Id.*

31.     On information and belief, Defendant has induced and continues to induce others to infringe at least claim 1 of the Asserted Patent by, among other things, actively aiding and abetting others to infringe with specific intent or willful blindness, such others including, but not limited to, Defendant's partners, clients, customers, and end users, whose use of each of the Accused Products constitutes direct infringement of at least claim 1 of the Accused Product. In particular, Defendant's actions that aid and abet others, such as its partners, clients, customers, and end users to infringe include advertising and distributing each of the Accused Products. *Id.*

32.     On information and belief, Defendant is liable for contributory infringement of the Asserted Patent for offering to sell, selling, and/or importing into the United States each of the Accused Products, which each includes at least a component that is a material part of the invention claimed by the Asserted Patent. Each of the Accused Products are especially made or especially adapted for use in infringing the Asserted Patent, and are each not a staple article or commodity of commerce suitable for substantial non-infringing use.

33.     On information and belief, Defendant is willfully infringing at least claim 1 of the Asserted Patent. Defendant's sale, sales, and use of the Accused Products demonstrates the willful nature of Defendant's infringement. On information and belief, Defendant is aware of Luxer and the Luxer Room, which Luxer introduced in 2015, and identifies as being patented.



See, e.g. https://www.luxerone.com/our-company/.

34. The foregoing description of Defendant's infringement is based on publicly available information. Luxer reserves the right to modify this description, including, for example, on the basis of information about the Accused Products that it obtains during discovery.

35. Luxer has been and is being irreparably harmed, and has incurred and will continue to incur damages, as a result of Defendant's infringement of the Asserted Patent.

36. Defendant's infringement of the Asserted Patent has damaged and continues to damage Luxer in an amount yet to be determined, of no less than a reasonable royalty.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Luxer respectfully requests that this Court enter judgment as follows:

a. Declaring that Defendant has infringed the '675 patent;

b. Granting a permanent injunction, enjoining Defendant and its officers, agents, servants, employees, attorneys, and all other persons acting in concert or participation with them, from further infringement of the '675 patent, including but not limited to the enjoining the manufacture, sale, offer for sale, importation or use of the Accused Products and any further development of the Accused Products;

c. Awarding Luxer damages adequate to compensate it for Defendant's infringing activities, including supplemental damages for any post-verdict infringement up until entry of the

final judgment with an accounting as needed, together with pre-judgment and post-judgment interest on the damages awarded;

      d.      Finding Defendant's infringement to be willful and awarding enhanced damages in an amount up to treble the amount of compensatory damages as justified under 35 U.S.C. § 284;

      e.      Finding this to be an exceptional case and awarding Luxer its attorneys' fees and costs under 35 U.S.C. § 285 as a result of Defendant's willful infringement of the Asserted Patent; and

      f.      Awarding Luxer any such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Luxer hereby demands a trial by jury on all issues so triable.

|  |  |
|---|---|
| OF COUNSEL:<br>Jason W. Balich<br>Michael Albert<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Avenue, 23rd Floor<br>Boston, MA 02210<br>(617) 646-8000 | */s/ Karen E. Keller*<br>Karen E. Keller (No. 4489)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>*Attorney for Plaintiff Luxer Corporation* |

Dated: May 20, 2024