IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LUXER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-602-JCG |
| | ) | |
| BUTTERFLYMX, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| LUXER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-603-JCG |
| | ) | |
| PACKAGE CONCIERGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| LUXER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-604-JCG |
| | ) | |
| PARCEL PENDING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] PROTECTIVE ORDER**

This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c) and governs any Discovery Materials designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE, as those terms are defined below, by Plaintiff Luxer Corporation ("Luxer"), or Defendants ButterflyMX, Inc. ("ButterflyMX"), Package Concierge, Inc. ("Package Concierge"), or Parcel Pending Inc. ("Parcel Pending"). This Protective Order further applies to any Non-Party that produces documents or things in connection with the Litigations regardless of whether such production is made pursuant to subpoena.

This Order shall be binding upon the Parties and their attorneys, successors, legal representatives, assigns, affiliates, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

1.      **Purposes and Limitations**

(a)      Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for the Litigations and any related appellate proceeding. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person or entity who obtains access to Protected Material pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the Litigations. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified Protected Materials with the same confidentiality designation as the source material, and subject to all of the terms and conditions of this Order.

(b)      The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery or in the course of making initial or supplemental

1

disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all Receiving Parties that it is withdrawing or changing the designation, and provide replacement materials with the appropriate designation.

2.    **Definitions**

(a)    Each of C.A. Nos. 1:24-cv-00602-JCG, 1:24-cv-00603-JCG, and 1:24-cv-00604-JCG individually is "the Litigation" and collectively are "the Litigations."

(b)    "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE.

(c)    "Discovery Material(s)" means all items or information, including from any Non-Party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this Litigation.

(d)    "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who (a) has been retained by a Party or its counsel to serve as an Expert witness or as a consultant in this Litigation, (b) is not a past or current employee, director, officer, owner, or board member of a Party or of a Party's competitor, and (c) at the time of retention, is not anticipated to become an employee, director, officer, owner, or board member of a Party or of a Party's competitor.

2

(e)     "Final Disposition" occurs after an order, mandate, or dismissal finally terminating any of the Litigations with prejudice, including all appeals.

(f)     "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Litigation.

(g)     "Outside Counsel" means: (i) counsel of record for a Party and (ii) partners, associates, paralegals, and staff of such counsel to whom it is reasonably necessary to disclose the information for the Litigations.

(h)     "Party" means any party to the Litigations, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel.

(i)     "Producing Party" means a Party to the Litigations, or any Third Party, that furnishes, produces, or discloses documents, things, or information—whether voluntarily or in response to a request for discovery or by court order, during the course of the Litigations—and if applicable, designates any of the foregoing as Protected Material.

(j)     "Receiving Party" means a Party to which documents, things, or information are furnished, disclosed, or produced during the Litigations.

(k)     "Protected Material" means any Discovery Material that is designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE, as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been published or publicly disseminated; or (ii) materials that show on their face they have been disseminated to the public.

(l)     "Source Code" means computer code, scripts, assembly, binaries, object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the algorithms or structure of software or hardware designs. Source code includes

source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes, but is not limited to, source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, debug files, and files containing source code in C, C++, BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming languages, VHDL, Verilog, other HDL formats, and any other human readable text programming languages.

(m)     "Asserted Patent" means U.S. Patent 11,625,675. If Plaintiff amends its complaint to include infringement counts as to additional asserted patent(s), the term "Asserted Patent" shall also encompass the later-asserted patent(s).

### 3.    **Computation of Time and Deadlines**

(a)     The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure.

(b)     The timeliness of any event prescribed or allowed by this Order shall be governed by the Court's Administrative Procedures Governing Filing and Service by Electronic Means (revised January 2023).

### 4.    **Scope**

(a)     The protections conferred by this Order cover not only Protected Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

conversations, or presentations by Parties or their counsel in Court or in other settings that might reveal Protected Material.

(b)     The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party

(c)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

(d)     Nothing in this Order shall be construed to prejudice any Party's right to use Protected Material in Court or in any court filing provided such use is consistent with the terms of this Order.

(e)     This Order is without prejudice to the right of any Party, for good cause shown, to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

(f)     Nothing in this Order shall be construed to affect an abrogation, waiver, or limitation of any kind on the rights of each Party to assert any applicable discovery or trial privilege.

(g)     Production of Protected Material by each Party shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as

to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

5. **Duration**

Even after Final Disposition of the Litigations, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and Experts, and any persons or organizations over which they have direct control.

6. **Discovery Material Designated as CONFIDENTIAL**

(a)     A Producing Party may designate Discovery Material that is not publicly known as CONFIDENTIAL when the Producing Party reasonably and in good faith believes that the material contains or reflects confidential, proprietary, and/or commercially sensitive information of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such material.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as CONFIDENTIAL may be disclosed only to the following:

(i)     **Outside Counsel**, including such counsel's immediate paralegals and staff, and any copying or clerical litigation support services, including, for example, document review attorneys, working at the direction of such counsel, paralegals, and staff;

(ii)     **The Court and its personnel**, including Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which the Litigations are pending, and qualified court reporters and/or videographers;

(iii)    **Consultants or Experts** and their staff retained by any of the Parties or their counsel to consult or testify in the Litigations, approved under the process set forth in Paragraph 12, excluding employees, officers or directors of a named Party, and who have signed the "Acknowledgment and Consent to be Bound by the Protective Order" (Exhibit A);

(iv)    **Authors or recipients** of a document produced by a Designating Party containing the information, or a custodian or other person who otherwise possessed or knew the information or is currently employed by the Designating Party;

(v)    **Third-party contractors** and their employees employed by either Party or their Outside Counsel for document management or copying services for the Litigations, third-party contractors and their employees involved in graphics or design services retained by either Party or their counsel for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in the Litigations, third-party contractors and their employees involved in jury or trial consulting or technical services (including mock jurors) who are retained by a Party or their counsel in the Litigations and who have signed the "Acknowledgment and Consent to be Bound by the Protective Order" (Exhibit A);

(vi)    **For each party to the Litigations**, employees of the Receiving Party, who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below; and

(vii)    **Others by consent**: Any other person authorized to receive CONFIDENTIAL designated material by order of the Court, by written agreement of the Parties, or by any other person with the prior written consent of the Producing Party and who has signed the "Acknowledgment and Consent to be Bound by the Protective Order" (Exhibit A).

7.    <u>**Discovery Material Designated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**</u>

(a)    A Producing Party may designate Discovery Material as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY when the Producing Party reasonably and in good faith believes that the material contains or reflects information that is extremely confidential and/or sensitive in nature such that the disclosure of such Discovery Material to persons other than those specified in Paragraph 7(b) is likely to cause economic harm or competitive disadvantage to the Producing Party. The Parties agree that the following non-exhaustive list of information, if nonpublic, shall be presumed to merit the HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY designation: trade secrets; research and development, and pending but unpublished patent applications; commercially sensitive competitive information; commercial agreements, license agreements, settlement agreements, or settlement communications; pricing information; financial data; sales information; sales or marketing forecasts or plans; business plans; sales or marketing strategy; product development information; engineering documents; testing documents; employee information; and other non-public information of similar competitive and business sensitivity.

(b)    Discovery Material designated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed only to the following persons, subject to the terms of Paragraph 13:

(i)    Persons identified in Paragraphs 6(b)(i)-(v); and

(ii)     Any other person authorized to receive HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY designated material by order of the Court, by

written agreement of the Parties, or by any other person with the prior written consent of the

Producing Party.

**8.    Discovery Material Designated as HIGHLY CONFIDENTIAL—SOURCE CODE**

(a)     A Producing Party may designate Source Code as HIGHLY

CONFIDENTIAL—SOURCE CODE when the Producing Party reasonably and in good faith

believes that the material is HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and

contains Source Code disclosure of which to persons other than those specified in Paragraph 8(b)

could reasonably be expected to result in serious injury to the Producing Party that could not be

avoided by less restrictive means.  For the avoidance of doubt, HIGHLY CONFIDENTIAL—

SOURCE CODE information or items include extremely sensitive "CONFIDENTIAL

Information or Items" representing computer code and associated comments and revision

histories, formulas, engineering specifications, or schematics that define or otherwise describe in

detail the algorithms or structure of software or hardware designs, disclosure of which to another

Party or Non-Party other than those specified in Paragraph 8(b) would create a substantial risk of

serious harm that could not be avoided by less restrictive means.

(b)     Discovery Material designated as HIGHLY CONFIDENTIAL—SOURCE

CODE may be disclosed only to the following:

(i)     The persons described in Paragraphs 6(b)(i)-(v) above who have

opined on source code in the Litigations or have been designated to testify on Rule 30(b)(6)

topics relating to the source code, and individuals who are shown to be the authors of or to have

previously reviewed the given source code;

(ii)     Up to three (3) consultants or Experts, and their support personnel, retained for the purpose of the Litigations and approved pursuant to the procedures set forth in Paragraph 12, where an additional Expert may replace an Expert who previously was permitted to access ; and

(iii)     Any other person authorized to receive HIGHLY CONFIDENTIAL—SOURCE CODE designated material by order of the Court, by written agreement of the Parties, or by any other person with the prior written consent of the Producing Party.

(c)     Discovery Material designated as HIGHLY CONFIDENTIAL—SOURCE CODE shall also be subject to the provisions set forth in Paragraph 11.

**9.**     **Designating Protected Material**

(a)     <u>Available Designations:</u> Any Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL—SOURCE CODE.

(b)     <u>Exercise of Restraint and Care in Designating Material for Protection:</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

(c)     <u>Manner and Timing of Designations:</u> Except as otherwise provided in this Order, or as otherwise stipulated or ordered, a disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

       (i)      <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix one of the applicable legends to each page: CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE. For documents produced natively (e.g., Excel spreadsheets or PowerPoint slides), the Producing Party shall affix one of the applicable legends to the corresponding slipsheet. To the extent reasonably requested by a Receiving Party, where less than all of a document is designated as Protected Material or designated with the same confidentiality designation, the Producing Party shall provide indication clearly designating and distinguishing between types of Protected Material and between Protected Material and non-protected material as applicable.

       (ii)      for testimony given in deposition or other pretrial or trial proceedings, that the Producing Party identifies on the record or up to thirty calendar days after receipt of the final transcript, that the transcript shall be treated as CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE. The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not, by itself, in any way affect the designation of the exhibit. If Protected Material is being discussed on the record, the resulting testimony shall be likewise designated unless otherwise agreed in writing or on the record. Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. Until expiration of the thirty-day period, the deposition testimony and resulting transcript shall be treated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY.

Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition

testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material, except that Counsel for the Producing Party shall not have the right to exclude any of the following: the deponent, deponent's counsel, Experts retained by any of the Parties or their counsel to consult or testify in the case and approved under the process set forth in Paragraph 12, the reporter, and the videographer (if any). Such right of exclusion shall be applicable only during periods of examination or testimony regarding or discussing such Protected Material.

(iii)    For information produced in some form other than documentary evidence, including other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE.

10. **Access to and Use of Protected Material**

(a)    Secure Storage. Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.

(b)    Legal Advice Based on Protected Material: Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to the Litigations based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(c)    Filing Under Seal: Any Protected Material that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. Documents filed under seal must be filed in accordance with Local Rule 5.1.3.

(d)    Limitations: Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with written consent of the Producing Party; or (v) pursuant to order of the Court.

(e)    No Use of Public AI Tools: A Receiving Party shall not upload or otherwise provide another Party's Protected Material to any public Artificial Intelligence ("AI") tools for any purpose, including for example using a public AI tool to perform analyses of documents or other materials in support of litigation.

11.      <u>**Disclosure and Review of Source Code**</u>

(a)      Properly discoverable Source Code shall be made available for inspection in electronic format. The Receiving Party shall provide fourteen (14) days' notice that it wishes to inspect Source Code.  The Receiving Party is entitled to inspect on as many separate occasions as reasonably needed within the timing procedures identified below and the Court's fact discovery deadline.  The Receiving Party shall identify in writing all individuals it requests be given access to the Source Code at the time it requests inspection.  Proper identification includes the individual's full name, city and state of the individual's primary residence, and current employer(s).  The Producing Party may deny access to any individual who fails to properly provide identification.

(b)      Source Code shall be loaded to a computer maintained by the Producing Party or its outside counsel (the "Source Code Host Machine").

(c)      No later than fourteen (14) days after a request for Source Code inspection, the Producing Party shall make available a Source Code Host Machine capable of accessing the Producing Party's Source Code. The Source Code Host Machine shall be a "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The standalone computer shall be a current vintage, Windows-based laptop or desktop computer having at least 8 gigabytes of memory, shall have a mouse, and a screen with a minimum size of fifteen inches, and shall be connectable to a second screen supplied by the receiving party at the receiving party's option. The stand-alone computer(s) may be located at the offices of the Producing Party's outside counsel or at the offices of the Producing Party.

(d)      The stand-alone computer(s) shall have disk encryption and be password protected. Use or possession of any outside electronic input/output device (e.g., USB memory

14

stick, mobile phone, tablet, personal digital assistants (PDAs), Blackberries, Dictaphones, voice recorders, external or portable telephone jack, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked or controlled-access room containing the standalone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s). The Producing Party shall make a separate room close in proximity to the review room available for the Receiving Party's outside counsel and expert to leave personal belongings, including phones and laptops, and in which such individuals may work and take notes and use their computers. The Producing Party may periodically "check in" on the activities of the Receiving Party's representatives during any stand-alone computer review and may visually monitor the activities of the Receiving Party's representatives from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. The Producing Party must remain at such a distance as to avoid viewing notes or other work product generated by the Receiving Party's representatives and at such a distance to allow representatives of the Receiving Party's to carry on a quiet conversation without being overheard by the Producing Party. The Producing Party may not record (visually, audibly or by other means) the activities of the Receiving Party's representatives.

(e)     Source Code Material will be made available for inspection between the hours of 9:00 a.m. and 5:00 p.m. (in the time zone where the Source Code Material is made

available) on business days (i.e., weekdays that are not Federal holidays), although the Parties

will be reasonable in accommodating reasonable requests to conduct inspections at other time.

       (f)     The Producing Party may keep a log that records the identity of

individuals who enter the room to view the Source Code and when they start and end each

review day. D

       (g)     The Parties agree to cooperate in good faith such that maintaining the

Producing Party's Source Code Material at the offices of its outside counsel shall not

unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the

prosecution or defense of this Action.

       (h)     The Producing Party shall provide the Receiving Party with information

explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the

produced Source Code Material on the stand-alone computer(s).

       (i)     The Producing Party will produce Source Code Material in computer

searchable format on the stand-alone computer(s) as described above. The Producing Party shall

install tools on the Source Code Host Computer that are sufficient for viewing and searching

Source Code produced, if such tools exist and are presently used in the ordinary course of the

Producing Party's business. The Receiving Party may request that other mutually-agreeable

commercially available software tools for viewing and searching Source Code be installed on the

Source Code Host Computer, provided, however, that such other software tools are reasonably

necessary for the Receiving Party to perform its review of the Source Code consistent with all of

the protections herein. The Receiving Party must provide the Producing Party with a licensed

copy of the relevant software, whether using a CD, DVD, or in the case of software accessible

over the internet, relevant keys or information to legally access at least seven (7) days in advance

of the date upon which the Receiving Party wishes to have the additional software tools available

for use on the Source Code Computer. The Producing Party shall not be required to install

software or plugins that requires substantial, unreasonable modifications to the hardware or

software of the computer(s) and may object to a software tool installation within 4 days of the

Receiving Party's request (as calculated by Fed. R. Civ. P. 6).  Costs associated with the

purchase or installation of such software tools, including any licenses, shall be borne by the party

requesting its use. To ensure the proper pages requested by the Receiving Party are printed, the

Producing Party shall provide the ability for the Receiving Party to save relevant files for

printing as PDFs (preserving the line numbers and formatting using a program such as

Notepad++) to a folder located on the Source Code Host Computer, or any other similar

arrangement agreed to by the parties.

     (j)  The Receiving Party's Outside Counsel and up to three (3) consultants or

Experts approved pursuant to Paragraph 12, who review the Source Code, shall be entitled to

take notes relating to the Source Code, but may not copy the Source Code into the notes and may

not take such notes on the Source Code Host Computer itself. Under no circumstances is any

portion of the source code to be recorded in notes as a way to circumvent the protections of this

Protective Order. If any individual inspecting Source Code seeks to take notes, all such notes

will be taken on bound (spiral or other type of permanently bound) notebooks that are clearly

labeled on their cover(s), and all pages therein, as "HIGHLY CONFIDENTIAL SOURCE

CODE" and "OUTSIDE COUNSEL ONLY". No loose paper or other paper that can be used in a

printer may be used for notes regarding Source Code. The Parties acknowledge that any notes or

other work product taken or developed while reviewing Source Code may be later transcribed in

electronic form, but any such transcription shall be marked HIGHLY CONFIDENTIAL—
SOURCE CODE.

(k)     At the conclusion of any Source Code Review, the Receiving Party may
request paper copies ("Source Code Printouts") of limited portions of the Source Code, but only
if and to the extent reasonably necessary for the preparation of court filings, pleadings, Expert
reports, or other papers, or for deposition or trial. The Receiving Party shall not request paper
copies for the purposes of reviewing the source code other than electronically as set forth in
Paragraph 11a in the first instance. To designate the pages for printing, the Receiving Party shall
print the selected pages to an electronic PDF file and place the PDF files in a folder on the
desktop of the Source Code Computer that shall be clearly labeled as a location for pages of
Source Code to be printed.  The Producing Party shall then print and produce the designated
pages in paper form including Bates numbers and the label "HIGHLY CONFIDENTIAL –
SOURCE CODE." Such printouts must include (1) directory path information and filenames
from which the Source Code Material came, and (2) line numbers. The Producing Party shall
preserve and maintain a copy of each electronic PDF placed in the desktop folder of the Source
Code Computer.  A party may only seek to obtain printed copies of a reasonable number of
pages, narrowly tailored to the needs of this case.  Unless agreed to in writing by the Producing
Party, the Receiving Party may not request printed copies of more than 25 consecutive pages, or
an aggregate total of more than 500 pages, of the Source Code.  If necessary, the Receiving Party
may request printed copies of additional pages in excess of these limits, and such request, upon
showing of good cause, shall not be unreasonably denied by the Producing Party. The Producing
Party shall either (i) within three (3) business days mail one copy set of such pages to the
Receiving Party, (ii) within five (5) business days deliver one copy set of such pages to the

Receiving Party or (iii) within two (2) business days inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring within five (5) business days of the objection, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(l)     Source Code by default is designated HIGHLY CONFIDENTIAL—SOURCE CODE and shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and up to three (3) consultants or Experts approved by the process set forth in Paragraph 12.

(ii)     The Producing Party and Receiving Party shall promptly meet and confer in good faith to resolve any disputes regarding Source Code review.

(iii)     The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code or Source Code Printouts onto any recordable media, recordable device, or into an electronic document. By way of example, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers whenever possible. However, to the extent reasonably necessary and pertinent to the issue being addressed, the Receiving Party

19

may include excerpts of Source Code in a pleading, exhibit, Expert report, discovery document, deposition transcript, or other Court document, and internal drafts thereof (a "Source Code Document"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. Only those portions of Source Code reasonably necessary and specifically referred to in such Source Code Document may be scanned into a PDF or similar electronic format. Any such electronic copies must be labeled HIGHLY CONFIDENTIAL— SOURCE CODE as provided for in this Order.

      (iv) The Receiving Party shall maintain a record of any individual who has inspected any portion of the paper copies of the Source Code. The Receiving Party may make a single copy of any printed pages of Source Code per Expert identified above in Paragraph 8 plus one more copy for use by the Receiving Party's Outside Counsel, each of which shall be maintained in the same manner as the original printed pages. In no event shall the total number of copies made exceed one for each Expert identified above in Paragraph 8 and one for Outside Counsel. Copies cannot be made for any other person or purpose. Any printed pages of Source Code may not otherwise be copied, digitally imaged, or otherwise duplicated, except in limited excerpts (a) necessary to attach as exhibits to court filings, pleadings, or expert reports or (b) necessary for deposition. The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. The Receiving Party shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper

copies are stored. The Receiving Party shall provide a copy of this log to the Producing Party within five (5) business days of receiving a request from the Producing Party for such a copy.

(v)    To the extent reasonably necessary and pertinent to the expected testimony, the Receiving Party may make three (3) additional copies of any printed Source Code in connection with a deposition of witness(es) permitted access to such Source Code pursuant to Paragraph 8(c). Any such additional copy made for the purpose of a deposition shall be promptly destroyed after the conclusion of the deposition. Such additional deposition copies, and their disposition, shall be recorded in the Receiving Party's log. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Party's outside counsel for secure destruction in a timely manner following the deposition.

(vi)    The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. The Receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) if in a secured locked container, any intermediate secure location reasonably necessary to transport the Source

Code Printouts (e.g., a locked hotel in a locked container prior to a Court proceeding or deposition).

(vii)     Within ninety (90) days (as calculated by Fed. R. Civ. P. 6) after the issuance of a final, non-appealable decision resolving all issues in the case, the Receiving Party shall serve upon the Producing Party the log it created in accordance with Paragraph 11(f) and, at the Producing Party's option, either serve upon the Producing Party, or certify the destruction of, all paper copies of the Producing Party's Source Code.  In addition, all persons to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were returned to the counsel who provided them the information and that they will make no use of the Source Code or of any knowledge gained from the Source Code in any future endeavor.

12.     **Notice of Disclosure**

(a)     Consultants and Experts:

(i)     The identification of an Expert or consultant pursuant to this Protective Order shall not be construed as the identification of an Expert trial witness under Federal Rule of Civil Procedure 26(a)(2). Prior to a Receiving Party giving, showing, disclosing, making available, or communicating Protected Material to any Expert or consultant under this Protective Order, the Party shall:

(1)     Serve a notice on the Producing Party, identifying the Expert or consultant and the Expert's or city and state of his or her primary residence; attaching a copy of the consultant or Expert's current resume and completed certification contained in the attached "Acknowledgment and Consent to be Bound by the Protective Order"; identifying the consultant or Expert's current employer(s); identifying (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert or consultant

provided professional services during the preceding five years; and identifying any past or present relationship, if any, with any Party in the Litigation. Further, the Party seeking to disclose Protected Material to any Expert or consultant shall provide such other information regarding the Expert's or consultant's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside Expert or consultant. During the pendency of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any material change with respect to the Expert's or consultant's professional activities.

(ii)    The Producing Party shall be entitled to object to disclosure to the Expert or consultant within ten (10) business days after receipt of the notice by stating specifically in writing the reasons why such Expert or consultant should not receive the Protected Material.

(iii)    If the Parties are unable to agree on the disclosure to the Expert or consultant, the Party objecting to such Expert or consultant may apply to the Court for an order that disclosure is improper within ten (10) business days of its objection. The burden of establishing the validity of such written objections rests with the objecting Party. If the objecting Party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn.

(iv)    For purposes of this section, "good cause" shall include a reasonable concern that the Expert or consultant will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(v)    No disclosure of the Protected Material shall be made to the proposed Expert or consultant until the time for serving objections to that Expert or consultant has passed, or, if a written objection is timely served and a submission to prevent disclosure is filed, until the Court has made a ruling thereon, and then, only in accordance with such ruling.

(vi)    The filing and pendency of objections shall not limit, delay, or defer any disclosures of Protected Material to Experts or consultants as to whom no such objection has been made.

(vii)    A Party's initial failure to object to an Expert or consultant under this Paragraph shall not preclude that Party from later objecting to continued access by that Expert or consultant for good cause. If an objection is made, the Parties shall meet and confer within ten (10) business days following the objection and attempt in good faith to resolve the dispute informally. The designated Expert or consultant may continue to have access to information that was provided to such Expert or consultant prior to the date of the objection. No further Protected Material shall be disclosed to the Expert or consultant until the Producing Party withdraws its objection or the Court resolves the matter. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within ten (10) business days after the meet and confer, further Protected Material may thereafter be provided to the Expert or consultant.

(b)    <u>Authorization and Acknowledgment:</u> Each person to whom Protected Material is to be given, shown, disclosed, made available or communicated in any way in accordance with this Protective Order (excluding the Court—e.g., Judges, Magistrate Judges, law clerks, qualified court reporters, and clerical personnel of the Court before which this action is pending—and Outside Counsel of record to any Party in connection with the Litigations), shall first execute the attached "Acknowledgment and Consent to be Bound by the Protective Order".

Counsel for the Receiving Party shall keep in his or her files a copy of each such executed Acknowledgment and Consent to be Bound until sixty (60) calendar days after Final Disposition of each Litigation. Upon Final Disposition of each Litigation and at the written request of the Producing Party, all such executed agreements shall be provided to Outside Counsel for the Producing Party.

13. **Notice to Third Parties**

A Party is not required to produce Protected Material of a third party until the Producing Party satisfies any obligation the Producing Party may have to the third party to notify the third party of the Producing Party's production of the third party's Protected Material. The Producing Party should make such notification reasonably promptly after determining that such notification is required.

14. **Prosecution Bar**

Absent written consent from the Producing Party, any individual who accesses "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL—SOURCE CODE" information or items of a technical nature ("Prosecution Bar Materials") shall not be involved in the prosecution of patents or patent applications, inclusive of reissue or examination proceedings, having claims or disclosures pertaining to methods or systems for controlling access to a storage room using electronic locks, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office. For purposes of this paragraph, "prosecution" includes (1) discussing disclosures with an inventor seeking a patent or patent application, (2) preparing specification or drawings, or (3) directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this

paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, an IPR, a reissue protest, *ex parte* reexamination or *inter partes* reexamination).  The Parties expressly agree that the prosecution bar set forth herein shall be personal to any individual who receives Prosecution Bar Materials, and shall not be imputed to any other persons at a law firm, company, organization, or place of employment.  The Parties agree that they will erect an access wall such that only individuals subject to the prosecution bar shall have access to Prosecution Bar Materials.  The parties further agree that this prosecution bar shall begin when the information is first accessed by the affected individual and shall end 2 years after final termination of this Litigation.

       **15.**    **Challenging Designations of Protected Material**

       (a)    A Receiving Party shall not be obligated to challenge the propriety of any designation of Protected Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. However, a Receiving Party objecting to a designation of Protected Material must notify the Producing Party of its objection, pursuant to the procedure in Paragraph 15(b), within a reasonable time of identifying the objection.

       (b)    Any challenge to a designation of Protected Material under this Order shall be in writing, served on Outside Counsel for the Producing Party, particularly identify the documents or information that the Receiving Party contends should be differently designated, and state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

       (i)    The Producing Party and the Receiving Party shall confer in a good faith effort to resolve the dispute;

(ii)      Failing agreement, the Receiving Party may bring a motion to the

Court for a ruling that the Protected Material in question is not entitled to the status and

protection of the Producing Party's designation. The Parties' stipulation to entry of this Order

shall not preclude or prejudice either Party from arguing for or against any designation, establish

any presumption that a designation is valid, or alter the burden of proof that would otherwise

apply in a dispute over discovery or disclosure of information; and

(iii)      Notwithstanding any challenge to a designation, the Protected

Material in question shall continue to be treated under this Order consistent with its existing

designation until one of the following occurs: (a) the Party who designated the Discovery

Material in question withdraws or otherwise changes such designation in writing; or (b) the

Court rules that the Discovery Material in question is not entitled to the designation or otherwise

rules that a different designation should be applied.

## 16.    Subpoenas or Court Orders

By entering this Order and limiting the disclosure of information in this case, the Court

does not intend to preclude another court from finding that the information may be relevant and

subject to disclosure in another case. Any person or party subject to this Order who becomes

subject to a motion to disclose another party's information designated as confidential pursuant to

this Order shall promptly notify that party of the motion so that the party may have an

opportunity to appear and be heard on whether that information should be disclosed.

If at any time Protected Material is subpoenaed or otherwise ordered by any court,

arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is

directed shall:

(i)      give prompt written notice thereof to every Producing Party who has produced such Protected Material and to its counsel. Written notice shall include a copy of the subpoena or court order;

(ii)      endeavor to provide each such Producing Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena or court order. If a Producing Party does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the Party to whom the subpoena or request is directed may produce such requested documents, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order;

(iii)      promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order;

(iv)      cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material - and nothing

in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

### 17.    <u>Inadvertent Failure to Properly Designate</u>

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation, provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within ten (10) business days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation(s), the Receiving Party shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)    Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material, the Receiving Party shall treat such Discovery Material at the corrected confidentiality designation level pursuant to the terms of this Order. Outside Counsel and their vendors shall not be required to delete such Discovery Material that may reside on their respective firms' electronic disaster recovery systems, but they shall not make further copies of such incorrectly designated Discovery Material.

### 18.    <u>Inadvertent Disclosure Not Authorized by Order</u>

(a)    In the event of a disclosure of any Protected Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party or Non-Party responsible for having made such disclosure, and each Party or Non-Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Protected Material has been disclosed and provide to such counsel all known relevant

information concerning the nature and circumstances of the disclosure. The responsible

disclosing Party or Non-Party shall also promptly take all reasonable measures to retrieve the

improperly disclosed Protected Material and to ensure that no further or greater unauthorized

disclosure and/or use thereof is made.

(b)    Unauthorized or inadvertent disclosure does not change the status of

Protected Material or waive the right to hold the disclosed document or information as Protected

Material.

### 19.    <u>Final Disposition</u>

Not later than ninety (90) days after the Final Disposition of each Litigation, each Party

or Non-Party to that Litigation shall return all Protected Material of a Producing Party to the

Outside Counsel of the Producing Party or destroy such Protected Material. The Receiving Party

shall verify the return or destruction upon the Producing Party's request. Nothing in this Order

requires any person to destroy or return any information they are required by law to retain.

Notwithstanding the foregoing provision, Parties and their respective counsel may retain

pleadings, written discovery requests and narrative responses, Expert reports, transcripts,

exhibits, correspondence and attorney and consultant work product, even if they incorporate

Protected Material, for archival purposes and/or pursuant to any document retention policies.

Nothing herein requires a Party or their respective counsel to destroy or return Discovery

Material that they are otherwise required by law to retain.

### 20.    <u>Privileged Communications and Information</u>

(a)    The Parties agree that, consistent with the Delaware Default Standard for

Discovery, § 1.d.(ii), privileged communications regarding the Litigations generated on or after

the filing of the original complaint in the Litigations need not be recorded on privilege logs.  This

provision does not apply to privileged communications regarding prosecution of continuations of the patents-in-suit, which must still be logged.

(b)     502(d) Order and Clawback Procedure: This Protective Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Protective Order, if the Producing Party discloses information in connection with the pending litigation that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege, work product protection, or other applicable privilege or immunity ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in the Litigations or any other action—of any claim of privilege, work product protection, or other applicable privilege or immunity that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

(i)     This Order protects any disclosure of Protected Information, whether that disclosure is inadvertent or otherwise.

(ii)     Each party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials for privilege. Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders that disclosure of Protected Information in discovery conducted in the Litigations shall not waive any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

(iii)     A Producing Party must notify the Receiving Party who received the Protected Information, in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon receipt of notification, the Receiving Party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of

such document or other information, and shall provide a certification that it will cease further review, dissemination, and use of the Protected Information.

(iv)    This Order shall be interpreted to provide the maximum protection allowed to the Disclosing Party by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order. However, if for any reason, a Court finds that this Section is inapplicable to Protected Information, then Rule 502(b) will apply in its absence.

(c)    <u>Contesting Claim of Privilege or Work Product Protection</u>: Nothing in this Order shall limit the Receiving Party's right to challenge (on grounds unrelated to the fact or circumstances of the disclosure) the Producing Party's claim that Protected Information is protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity. If, after undertaking an appropriate meet-and confer process, the Parties are unable to resolve any dispute they have concerning the Protected Information, the Receiving Party may file the appropriate motion or application as provided by the Court's procedures to compel production of such material. Any Protected Information submitted to the Court in connection with a challenge to the Disclosing Party's claim of attorney-client privilege or work product protection shall not be filed in the public record, but rather shall be redacted, filed under restriction, or submitted for in camera review.

21.    **Miscellaneous**

(a)    <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future for good cause shown. By stipulating to entry of this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)    <u>Termination of Matter and Retention of Jurisdiction</u>: The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of each Litigation. The Court shall retain jurisdiction after Final Disposition of each Litigation to hear and resolve any disputes arising out of this Protective Order.

(c)    <u>Successors</u>: This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and Experts, and any persons or organizations over which they have direct control.

(d)    <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any Party to claim in the Litigations or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)    <u>Modification or Waiver by the Parties</u>: The Producing Party and Receiving Party may agree in writing through their respective Outside Counsel to expressly modify, alter or waive specified provisions or protections provided for in this Protective Order with respect to particular information or material.

(f)    <u>Effective Immediately</u>: This Protective Order shall become effective as a stipulation between the Parties immediately upon filing, notwithstanding the pendency of approval by the Court, and the Parties shall treat any Protected Material produced before Court approval as provided herein.

(g)    <u>Other Proceedings</u>: By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated as Protected Material pursuant to this Order shall promptly notify that Party of the motion so that that Party may have an opportunity to appear and be heard on whether that information should be disclosed.

(h)    <u>Violation of PO</u>: Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

/s/ Andrew E. Russell
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
Attorneys for Plaintiff Luxer Corporation


/s/ Kasey H. DeSantis
Kasey H. DeSantis (No. 5882)
FOX ROTHSCHILD LLP
1201 North Market Street, Suite 1200
Wilmington, DE 19801
(302) 622-4205
kdesantis@foxrothschild.com

OF COUNSEL:
Gerard P. Norton
Jonathan R. Lagarenne
Jonathan J. Madera
Nicholas J. Almerini
FOX ROTHSCHILD LLP
212 Carnegie Center, Suite 400
Princeton, NJ 08540
(609) 896-3600

Attorneys for Parcel Pending, Inc.


/s/ Andrew C. Mayo
Andrew C. Mayo (No. 5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19801
(302) 654-1888
amayo@ashbygeddes.com

/s/ Jeremy A. Tigan
Jeremy A. Tigan (No. 5239)
MORRIS, NICHOLS, ARSHT
 & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com

OF COUNSEL;
Richard G. Frenkel
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600

Gregory K. Sobolski
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600

Nicole Elena Bruner
Gabriel K. Bell
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

Attorneys for Defendant ButterflyMx, Inc.

OF COUNSEL:
Benjamin T. Horton Christopher J. Hall
Raymond R. Ricordati
Tiffany D. Gehrke
MARSHALL, GERSTEIN & BORUN LLP
233 S. Wacker Drive
6300 Willis Tower
Chicago, IL 60606
(312) 474-6300

*Attorneys for Defendant Package Concierge, Inc.*

Dated: December 6, 2024


      SO ORDERED this _____ day of _____, 2024.


                _____
                UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LUXER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-602-JCG |
| | ) | |
| BUTTERFLYMX, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| LUXER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-603-JCG |
| | ) | |
| PACKAGE CONCIERGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| LUXER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-604-JCG |
| | ) | |
| PARCEL PENDING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**EXHIBIT A**

**ACKNOWLEDGMENT AND CONSENT TO BE BOUND BY PROTECTIVE ORDER**

I, the undersigned, hereby acknowledge that I have read and understand the provisions of

the protective order ("Protective Order") in this Litigation. I hereby agree to be bound by and

comply with the terms of the Protective Order. I will hold in confidence, will not disclose to

anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this

Action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" that is disclosed to me. Promptly upon termination of this Action, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed. I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 20____.


_____
(Typed or Printed Name)

_____
(Address)
_____
(Current Employer)
_____
(Current Occupation)

I declare under penalty of perjury that the foregoing is true and correct.


_____
(Signature)

38